IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRANDON V. SANDERS,

       Plaintiff,               No. 2:12-cv-1847 JAM EFB P

    vs.

MULE CREEK STATE PRISON
CLASSIFICATION COMMITTEE, et al.,

       Defendants.        <u>ORDER</u>
_____/

      Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983.   This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis.

**I.    Request to Proceed In Forma Pauperis**

      Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

////

1

## II.      Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility.  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

////

////

**III.     Summary of Complaint (Dckt. No. 1)**

Plaintiff names as defendants the Mule Creek State Prison's Classification Committee, S. West, Lizarraga, Cantu, Buckner, Knipp, Foston, Starke and Olivas.  Although plaintiff does not identify any claims for relief in the complaint, it appears that he intends to pursue an Eighth Amendment failure to protect claim.

According to the allegations in the complaint, plaintiff was improperly housed with an inmate who had previously been single celled after he murdered his cellmate.  On August 11, 2011, plaintiff's cellmate allegedly attacked plaintiff, claiming he would kill plaintiff in order to regain his single cell status.  Plaintiff alleges that he was injured as a result of his cellmate's attack.

Additionally, plaintiff claims that when the Classification Committee rescinds single cell status, it causes "assaults, rapes, and in cell violence that threatens the safety and security of inmates who are housed with potentially violent inmates."  Dckt. No. 1 at 4.

**IV.     Screening Order**

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds that the allegations are too vague and conclusory to state a cognizable claim for relief.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

The "Classification Committee" is not a "person acting under color of state law."  To the extent plaintiff is attempting to name an individual member of the Classification Committee as a defendant, plaintiff must identify that individual by name and allege that the individual was a state actor or was otherwise acting under color of law.  *See Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (The party charged with a constitutional deprivation under § 1983 must be a person who may fairly be said to be a governmental actor) (citation and

quotations omitted).  Section "1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong." *Id.* (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted)).

Insofar as plaintiff intends to pursue an Eighth Amendment claim, he is hereby informed that under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks, ellipsis, and citation omitted).  However, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834.  A prison official may be held liable for an assault suffered by one inmate at the hands of another only where the assaulted inmate can show that the injury is sufficiently serious, *id.* at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and that the prison official was deliberately indifferent to the risk of harm, *id.* at 837.  Thus, the relevant inquiry is whether prison officials, "acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." *Id.* at 834 (internal quotation omitted).

Here, plaintiff's allegations fail to show that any particular defendant acted with the requisite mental state of deliberate indifference for an Eighth Amendment claim.  To be deliberately indifferent, the "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.* at 842.  The "obviousness of a risk," however, is not conclusive, and "a prison official may demonstrate that the obvious escaped him . . . ." *Id.* at 843, n.8.

Nor do plaintiff's allegations demonstrate that any particular defendant caused the alleged violation of plaintiff's rights.  An individual defendant is not liable on a civil rights claim

1    unless the facts establish the defendant's personal involvement in the constitutional deprivation

2    or a causal connection between the defendant's wrongful conduct and the alleged constitutional

3    deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d

4    740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the

5    official is liable for the unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*,

6    129 S. Ct. 1937, 1948 (2009).  Because respondeat superior liability is inapplicable to § 1983

7    suits, "a plaintiff must plead that each Government-official defendant, through the official's own

8    individual actions, has violated the Constitution."  *Id.*  It is plaintiff's responsibility to allege

9    facts to state a plausible claim for relief.  *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*,

10   572 F.3d 962, 969 (9th Cir. 2009).

11          Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair

12   notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redev.*

13   *Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of

14   particularity overt acts which defendants engaged in that support plaintiff's claim.  *Id.*  Because

15   plaintiff fails to state a claim for relief, the complaint must be dismissed.

16          Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a

17   cognizable legal theory against a proper defendant and sufficient facts in support of that

18   cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

19   (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

20   their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint

21   shall clearly set forth the claims and allegations against each defendant.  Any amended

22   complaint must cure the deficiencies identified above and also adhere to the following

23   requirements:

24          Any amended complaint must identify as a defendant only persons who personally

25   participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*

26   *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).   It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Accordingly, IT IS HEREBY ORDERED that the complaint is dismissed with leave to amend within 30 days.  The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint."  Failure to comply with this order may result in a recommendation that this action be dismissed.  If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

DATED:  November 8, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE