IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRANDON V. SANDERS,

        Plaintiff,                    No. 2:12-cv-1847 JAM EFB P

    vs.

MULE CREEK STATE PRISON
CLASSIFICATION COMMITTEE, et al.,

        Defendants.            FINDINGS AND RECOMMENDATIONS

      Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. After a dismissal pursuant to 28 U.S.C. § 1915A, plaintiff has filed an amended complaint. For the reasons discussed below, the amended complaint fails to state a cognizable claim for relief and it is recommended that this action be dismissed.

**I.    Screening Requirement and Standards**

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

**II.     Background**

According to the allegations in the initial complaint, plaintiff was improperly housed with an inmate who had previously been single celled after he murdered his cellmate.  On August 11, 2011, plaintiff's cellmate allegedly attacked plaintiff, claiming he would kill plaintiff in order to regain his single cell status.  Plaintiff alleged that he was injured as a result of his cellmate's attack.  Additionally, plaintiff claimed that when the Classification Committee rescinds single cell status, it causes "assaults, rapes, and in cell violence that threatens the safety and security of inmates who are housed with potentially violent inmates." Dckt. No. 1 at 4.

////

The court reviewed the complaint pursuant to § 1915A and found that the allegations were too vague and conclusory to state a cognizable claim for relief. Dckt. No. 9 at 3. Specifically, the court informed plaintiff of the following:

> To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).
>
> The "Classification Committee" is not a "person acting under color of state law." To the extent plaintiff is attempting to name an individual member of the Classification Committee as a defendant, plaintiff must identify that individual by name and allege that the individual was a state actor or was otherwise acting under color of law. *See Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (The party charged with a constitutional deprivation under § 1983 must be a person who may fairly be said to be a governmental actor) (citation and quotations omitted). Section "1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong." *Id.* (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted)).
>
> Insofar as plaintiff intends to pursue an Eighth Amendment claim, he is hereby informed that under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks, ellipsis, and citation omitted). However, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. A prison official may be held liable for an assault suffered by one inmate at the hands of another only where the assaulted inmate can show that the injury is sufficiently serious, *id.* at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and that the prison official was deliberately indifferent to the risk of harm, *id.* at 837. Thus, the relevant inquiry is whether prison officials, "acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." *Id.* at 834 (internal quotation omitted).
>
> Here, plaintiff's allegations fail to show that any particular defendant acted with the requisite mental state of deliberate indifference for an Eighth Amendment claim. To be deliberately indifferent, the "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.* at 842. The "obviousness of a risk," however, is not conclusive, and "a prison official may demonstrate that the obvious escaped him . . . ." *Id.* at 843, n.8.

////

> Nor do plaintiff's allegations demonstrate that any particular defendant caused the alleged violation of plaintiff's rights. An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).
>
> Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. *Id.* Because plaintiff fails to state a claim for relief, the complaint must be dismissed.

Dckt. No. 9 at 3-5.

### III.     Screening of Amended Complaint Pursuant to § 1915A

In the amended complaint, plaintiff alleges he was assaulted by inmate Booker, who appears to have been celled with plaintiff even though Booker had a history of violence with cellmates. According to plaintiff, this deprived him of his Eighth Amendment right to be protected from violent prisoners. Plaintiff blames his injuries on overcrowding in the prisons, and contends that if all inmates were single-celled, claims like plaintiff's would no longer exist. Plaintiff names eight defendants, and claims that each of them "caused the violation of Plaintiff's rights." Dckt. No. 12 at 5.

Plaintiff's amended complaint fails to cure the deficiencies identified in the court's initial screening order. First, plaintiff fails to allege facts showing that any of the named defendants knew about Booker's alleged history of violence, or that Booker's alleged history of violence would expose plaintiff to a substantial risk of serious harm if the two inmates were housed together. Second, plaintiff fails to allege facts showing that any of the defendants made the decision to house plaintiff with Booker. Thus, the allegations do not demonstrate that any

defendant, acting with deliberate indifference, exposed plaintiff to a sufficiently substantial risk of serious harm.  Moreover, overcrowding by itself is not a constitutional violation, *Doty v. County of Lassen*, 37 F.3d 540, 545 n.1 (9th Cir. 1994); *Hoptowit v. Ray*, 682 F.2d 1237, 1249 (9th Cir. 1982), and the denial of single cell status by itself does not rise to the level of an Eighth Amendment violation, *Rhodes v. Chapman*, 452 U.S. 337 (1981).

Despite notice of the complaint's' deficiencies and an opportunity to amend, plaintiff appears to be unable to state a cognizable claim for relief, and further leave to amend appears futile.  Accordingly, it is recommended that this action be dismissed without leave to amend pursuant to 28 U.S.C. § 1915A.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (courts should provide a pro se plaintiff with an opportunity to amend after notifying the plaintiff of defects in the complaint); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's amended complaint be dismissed for failure to state a claim and that the Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 4, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE